PER CURIAM
*897 Writ granted; stay lifted.
The defendant seeks to introduce evidence of diminished capacity, intellectual disability, and/or mental defect for the limited purpose of challenging the voluntariness of a confession. In State v. Doyle , 2011-597p. 1 (La. 3/23/11), 56 So.3d 948, 949 we ruled that a "defendant may introduce evidence of mental retardation, defect, and/or diminished capacity at the guilt stage of trial as part of the circumstances surrounding the making of a confession for jurors to consider in determining the weight or probative value given the statement." This limited purpose stands in contrast to introducing such evidence on the issue of guilt or innocence. See generally , La. C.Cr.P. art. 651 ("When a defendant is tried upon a plea of 'not guilty,' evidence of insanity or mental defect at the time of the offense shall not be admissible."). Thus, the district court abused its discretion in excluding evidence of defendant's diminished capacity, intellectual disability, and/or mental defect for the limited purpose of challenging the voluntariness of any confessions. On remand, the district court may consider appropriate instructions to clarify the limited purpose for which such evidence is to be introduced and considered.
Clark, J., would deny.
Guidry J. & Crichton, J., recused.